IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTHONY GERALD GABRY, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:18-CV-3099-SCJ |
| STATE FARM FCU, DANIEL : | |
| CLARK, KESHA MOORE, TOM : | |
| DeWITT, : | |
| : | |
|     Defendants. : | |

**ORDER**

On July 3, 2018, the Honorable Catherine M. Salinas, United States Magistrate Judge granted Defendant's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) and submitted this action to this Court for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). Doc. No. [2]. Said code section provides in relevant part that a court "shall dismiss [an IFP claim] at any time if the court determines that the action . . . (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it is without arguable merit either in law or fact and has no reasonable factual or legal basis. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001); see also Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990) ("A lawsuit is frivolous if the 'plaintiff's realistic chances of ultimate

AO 72A
(Rev.8/82)

success are slight.'"). A complaint fails to state a claim on which relief may be granted when the facts as pled do not state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citation and quotation marks omitted).

Plaintiff's admirably concise complaint brings a single claim for an alleged breach of contract. Doc. No. [3]. But because such claims are governed by state law, Plaintiff must demonstrate complete diversity of citizenship in order for the Court to have subject-matter jurisdiction over this case. See Riley v. Merrill Lynch, Pierce, Fenner & Smith Inc., 292 F.3d 1334, 1337–38 (11th Cir. 2002); see also Doc. No. [3], p. 3 (explaining that "no defendant may be a citizen of the same State as any plaintiff"). In his complaint, Plaintiff alleges that he is a citizen of Georgia and that Defendant State Farm FCU ("State Farm") is incorporated under the laws of Georgia and has its principle place of business in Georgia. Doc. No. [3], p. 3. Accepting Plaintiff's allegations as true, which the Court must do at this stage, his complaint

demonstrates a lack of subject-matter jurisdiction, meaning that the complaint must be dismissed.[1]

Looking to the substantive allegations, Plaintiff's complaint suffers from the additional problem that it does not contain allegations of wrongdoing by each Defendant. Plaintiff's substantive allegations mention only Sate Farm. See Doc. No. [3], p. 4. He does not allege any kind of contractual relationship with the individual Defendants or any conduct that would give rise to "a reasonable inference that [they are] liable for the misconduct alleged." See Doc. No. [3], p. 4; see also Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Cl 1937, 1949, 173 L. Ed. 2d 858 (2009). Thus, he does not state any claim as to the individual Defendants.

Even the breach of contract allegations relating to State Farm are disjointed in such a way that Plaintiff does not adequately state a claim. He contends that he had

---

[1] While the Court must accept Plaintiff's allegations as true at this stage, it appears that his allegations of citizenship are either incorrect or insufficient. For example, a corporation's principal place of business, "usually its main headquarters, is a single place." See Hertz Corp. v. Friend, 559 U.S. 77, 93, 130 S. Ct. 1181, 1193, 175 L. Ed. 2d 1029 (2010). But Plaintiff's complaint seems to allege that Defendant State Farm FCU has its "principal place of business" in four states. See Doc. No. [3], p. 3. Additionally, Plaintiff brings this suit against three individuals, but he does not list their individual citizenships. See id. Instead, Plaintiff seems to simply list the work addresses for the individuals. See id. p. 2. In determining an individual's citizenship, their place of employment is just one relevant factor. See Audi Performance & Racing, LLC v. Kasberger, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003). The person's citizenship is, at its core, "the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974).

a written contract whereby he would make payments to State Farm "in exchange for the contract to be continued as if it were never late." Doc. No. [3], p. 4. State Farm allegedly breached this agreement by refusing "to coorect [*sic*] deragatory [*sic*] reporting" in connection with his late payments. Id. Accepting the allegations as true, State Farm agreed to "continue[ ]" its contract with Plaintiff, in spite of his late payments. But there is no allegation that the agreement said anything about how State Farm would report the payments to the Credit Reporting Agencies ("CRAs"). Thus, Plaintiff fails to state a breach of contract claim.

But construing Plaintiff's complaint liberally, he may be asserting a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. See Doc. No. [3], p. 4. If so, the Court would have federal-question jurisdiction over this case, mooting the issues with diversity of citizenship discussed above. See 28 U.S.C. § 1331. But his complaint, as pled, would still fail to state a claim. Simply because a company agrees to accept an individual's late payments does not mean the company has an obligation to report those payments to the CRAs in a particular way.

For example, in Felts v. Wells Fargo Bank, N.A., 893 F.3d 1305 (11th Cir. 2018), the Eleventh Circuit held that a bank did not violate the FCRA by reporting the plaintiff's payments "as late" in spite of the fact that the plaintiff made payments in accordance with a forbearance plan. 893 F.3d at 1315–16. This was so because the

4

plaintiff's "compliance with the terms of a second, separate agreement" had "no bearing on the accuracy of the information [the defendant] reported to the CRAs regarding [the plaintiff's] compliance with the terms of her first, original agreement" unless the second agreement "legally modified the terms of the [original agreement]." Id. at 1314.

Thus, unless Plaintiff's second, separate agreement with State Farm legally modified his obligations under the original agreement such that his payments were in fact not late, the second agreement had no bearing on the information State Farm reported to the CRAs. Id. The allegations in the complaint, as pled, are insufficient on this point. Plaintiff simply alleges that State Farm agreed to continue the contract "**as if** [the payments] were never late." See Doc. No. [3], p. 4. But this does not mean Plaintiff's payments were, legally speaking, not late. Instead, it means State Farm agreed to "continue[ ]" the contract **in spite of** Plaintiff's late payments. Without more, Plaintiff fails to state a claim under the FCRA.

To the extent Plaintiff attempts to assert a breach of contract claim, his complaint suffers from the deficiencies identified above. Even construing an FCRA claim into his complaint, he still fails to state a claim as his complaint is currently pled. Accordingly, his complaint must be **DISMISSED**. See 28 U.S.C. § 1915(e)(2)(B)(ii). But in light of Plaintiff's *pro se* status, the case is **DISMISSED**

5

**WITHOUT PREJUDICE**. The Court will grant Plaintiff leave to file an amended complaint within **14 days from the date of this Order**. However, the Court warns Plaintiff that a failure to correct the deficiencies identified in this Order may result in dismissal of his claims with prejudice.  See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

**IT IS SO ORDERED**, this 24th day of July, 2018.

s/Steve C. Jones
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)